UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEYSAAN BEY,

                Petitioner,

- against -

L. PAYANT, Superintendent of Mohawk
Correctional Facility,

                Respondent.

MEMORANDUM
OPINION AND ORDER

05 Civ. 0599 (RMB) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Petitioner Deysaan Bey ("Bey") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 14, 2005. He amended the petition on February 28, 2005. The case was referred to the undersigned on May 2, 2005, who ordered the government to respond within thirty days on September 12, 2005. On October 6, 2005, the government requested until December 21, 2005, to answer because of a heavy caseload and because the attorney had not yet received the state court record at that date. The request was granted by the undersigned on October 12, 2005. In response, on October 15, 2005, Bey filed an objection and Notice of Motion to bar respondent's answer pursuant to Rule 8(d) of Federal Rules of Civil Procedure via Rule 81(A)(2) ("Objection"), together with an affidavit in support ("Affidavit"). For the reasons that follow, Bey's motion to bar respondent's answer is **DENIED**.

## II. DISCUSSION

Bey objects to the extension of the respondent's time to answer, arguing that the extension shows unfair favoritism to the government in violation of his due process rights.

Objection at 2. In support of his motion, Bey refers to a number of rules that do not apply in this particular situation.

Respondent asked for an extension twenty-four days after the September 12, 2005 order setting out the initial deadline for respondent's answer. Bey argues this request was untimely, citing Federal Rule of Civil Procedure ("FRCP") 72(a) and 28 U.S.C. § 636(b)(1)(c), which allow ten days for parties to respond to a Magistrate Judge's report and recommendation regarding non-dispositive matters. These rules do not apply to a scheduling order. FRCP 72(a) only applies when a Magistrate Judge issues a report and recommendation which requires adoption by a District Judge. The extension at issue here was within the discretion of the undersigned and did not require adoption. As respondent asked for the extension within the period of time previously allowed, FRCP 6(b) gives the court the discretion to enlarge the time allotted.

Bey also cites 28 U.S.C. § 2243 which dictates that "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. § 2243. This rule also does not apply to a briefing schedule. Again, such enlargements of time are within the Court's discretion under FRCP 6(b).

### III. CONCLUSION

This Court recognizes Bey's sense of urgency, as the same frustration is felt by many petitioners in his situation. However, extensions of time to submit papers for both petitioners and respondents in habeas cases are granted when cause is shown. Among the factors here, for

example, is that respondent had not yet received the state court record,[1] an important element in the Court's consideration of the petition. Bey's motion is **DENIED**.

**SO ORDERED this 7th day of November 2005**
**New York, New York**

*[signature]*

The Honorable Ronald L. Ellis
United States Magistrate Judge

---

[1] Bey notes that New York Public Officers Law dictates that public records and documents should be made available within five business days upon request. Affidavit at 2. This statute governs requests made under the Personal Privacy Protection Law and does not apply to the state court records in this context. *See* New York Public Officers Law § 95(1)(a).

3